# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

BRANDON SWALLOW,          )
                                     )
               Plaintiff,       )
                                     )
             v.              )        No. 4:18-cv-1045-JMB
                                     )
CORIZON HEALTH, et al.,      )
                                     )
             Defendants.   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Brandon Swallow. For the reasons discussed below, the Court will dismiss the Missouri Department of Corrections ("MDOC") from this action. The Court will also dismiss plaintiff's official-capacity claims against George Lombardi, Anne Precythe, Cindy Griffith and Stanley Payne to the extent plaintiff seeks relief other than prospective injunctive relief. The Court will direct the Clerk of Court to effect service upon the remainder of the amended complaint.

### Background

At the time of the events giving rise to this lawsuit, plaintiff was incarcerated at Potosi Correctional Center ("PCC") and Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He brings this civil action pursuant to 42 U.S.C. § 1983 against Dr. William McKinney, Dr. Karen Duberstein, Corizon Health, Inc., George Lombardi, Anne Precythe, Cindy Griffith, Stanley Payne, and the Missouri Department of Corrections. Plaintiff sues the individual defendants in their official and individual capacities.

Plaintiff's allegations include the denial of constitutionally adequate medical care for his serious medical conditions. These conditions included poorly controlled ulcerative colitis, extreme

weight loss, inability to eat and swallow, vomiting, diarrhea, bloody stool, frequent bowel movements, loss of bowel control, weakness and fatigue, anemia, sepsis, severe bacterial and fungal infection, unviable bowel sections, and related pain and discomfort. The denial of constitutionally adequate care resulted in the rupture of plaintiff's colon, which necessitated a colectomy and ileostomy. Thereafter, plaintiff was denied constitutionally adequate care for serious medical conditions including internal fistulas and profuse drainage of his inflamed surgery wounds, burning caused by the drainage, fever, and related pain and discomfort. He was also forced to wear diapers and live in abhorrent conditions. These conditions included a cell contaminated with fecal matter due to plaintiff's inability to control his bowels. He was also denied adequate dressing changes and showers while his surgical wound drained foul-smelling, feces-like discharge, causing delayed healing of his wounds and causing him to spend significant time in badly soiled wound dressings and clothing. Plaintiff seeks declaratory and monetary relief.

### Discussion

The Eleventh Amendment prohibits suits against states and state agencies for any kind of relief. *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). The MDOC is a state agency. *See Walker v. Missouri Department of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000). Accordingly, the Court will dismiss the MDOC from this action. The Court will also dismiss plaintiff's official-capacity claims against defendants Lombardi, Precythe, Griffith, and Payne to the extent that plaintiff seeks relief other than prospective injunctive relief. *See Monroe*, 495 F.3d at 594 (state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment). This dismissal is without prejudice to plaintiff asserting claims against these defendants in their individual capacities, or asserting claims against these defendants in their official capacities for prospective injunctive relief.

Upon review of the remainder of the amended complaint, the Court concludes that plaintiff's allegations state plausible claims for relief. The Court will therefore direct the Clerk of Court to effect service upon the defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Missouri Department of Corrections is **DISMISSED** from this action. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against George Lombardi, Anne Precythe, Cindy Griffith and Stanley Payne are **DISMISSED** without prejudice to plaintiff asserting claims against these defendants in their individual capacities, or asserting claims against these defendants in their official capacities for prospective injunctive relief. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants George Lombardi, Anne Precythe, Cindy Griffith and Stanley Payne.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the amended complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Dr. William McKinney, Dr. Karen Duberstein, and Corizon Health, Inc.

Dated this 18th day of December, 2019.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE