**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON SWALLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1045-JMB |
| | ) | |
| CORIZON HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon a motion to dismiss filed by defendants Anne Precythe, George Lombardi, Cindy Griffith, and Stanley Payne (collectively "defendants"). Proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move for the dismissal of plaintiff's First Amended Complaint. Plaintiff opposes the motion, and has filed a memorandum in response. The matter is now fully briefed and ripe for disposition.

**Background**

The background of this case is well known to the parties, and will not be fully set forth here. Briefly, however, the following facts are relevant to the instant motion. The allegations in the First Amended Complaint concern events and omissions that occurred while plaintiff was incarcerated at the Potosi Correctional Center ("PCC") and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Plaintiff alleges he received constitutionally inadequate medical care for serious medical needs, and that he suffered numerous serious injuries as a result. Those injuries included bowel rupture, colectomy, ileostomy, post-surgical complications, fistulas, and significant pain and suffering. He also alleges he was forced to live in unconstitutional conditions that posed a substantial risk of serious harm to his health or well-being.

In the First Amended Complaint, plaintiff begins by identifying each of the defendants. Plaintiff identifies Lombardi as the Director of the Missouri Department of Corrections ("MDOC") at all times relevant to this action until December 2016, and he alleges that during that time, Lombardi was responsible for the operations of correctional facilities in Missouri. Plaintiff identifies Precythe as the Director of the MDOC from December 2016 to present, and alleges that during that time Precythe was responsible for directing the operation of Missouri correctional facilities. Plaintiff identifies Griffith as the Warden of the PCC, and alleges she was responsible for, *inter alia*, PCC policies, management of all staff, and the proper treatment of inmates. Plaintiff identifies Payne as the Warden of ERDCC, and alleges he was responsible for, *inter alia*, ERDCC policies, management of all staff, and the proper treatment of inmates. Later in the First Amended Complaint, plaintiff refers to these defendants as the "Institutional Defendants," thereby distinguishing them from Corizon, LLC and two employees thereof who are also named as defendants in this action.

The following is a brief and partial summary of plaintiff's allegations in support of his claims. Plaintiff alleges the defendants were responsible for policies, customs, patterns and practices that gave rise to the unconstitutional conditions of which he complains. He identifies the policies, customs and practices by certain characteristics. Plaintiff lists several violative practices that occurred pursuant to the defendants' policies, customs and practices, including consistent denial of comprehensive medical treatment, testing and necessary supplies. He alleges that the defendants had notice of the unconstitutional treatment he was receiving, but failed to act. Plaintiff also alleges that Lombardi and Precythe, in their roles as directors, continued to contract with Corizon, LLC to provide health care to inmates, thereby effectively adopting its unconstitutional policies and general profit-centric approach to health care at the expense of inmate health and well-

being. Plaintiff also alleges that the defendants used inappropriate hiring and firing practices, failed to supervise employees and agents and correct their misconduct, and fostered a culture that reinforced misconduct. Upon the filing of the First Amended Complaint, the Court conducted the review required by 28 U.S.C. § 1915(e)(2), and dismissed plaintiff's official capacity claims against defendants without prejudice to plaintiff asserting such claims for prospective injunctive relief, or asserting claims against them in their individual capacities.

In the instant motion, defendants argue that the First Amended Complaint fails to state a claim against them in their individual capacities because it fails to allege facts showing they were personally involved in any event or omission that harmed plaintiff. Specifically, defendants argue that the First Amended Complaint "wholly fails to make a single allegation of personal involvement in or directly responsible for [*sic*] any incident which deprives Plaintiff of his constitutional rights against Defendant Precythe, Defendant Lombardi, Defendant Griffith, or Defendant Payne." (ECF No. 50 at 4). Defendants also contend that the First Amended Complaint's reference to them as "Institutional Defendants" means that plaintiff alleges only official-capacity claims, and that this Court has previously dismissed plaintiff's official capacity claims against them.

In response, plaintiff argues he is not proceeding against the defendants on a respondeat superior theory, and that he has properly pleaded defendants' direct involvement in the alleged constitutional violations. Plaintiff argues he has sufficiently pleaded that the "constitutional violations were directly instigated, fostered, sanctioned and encouraged by prison policies and customs enacted by and under the authority and control" of the defendants, and has sufficiently attributed such policies and customs to the defendants. (ECF No. 53 at 3). He argues he has sufficiently pleaded that the defendants' policies, customs and systematic actions are related to lax

3

hiring, training and supervisory practices; the lack of a response or corrective action; fostering an atmosphere of automatic disbelief and hostility towards prisoners; and prioritizing cost control over inmate health. Plaintiff also contends that, particular to Lombardi and Precythe, he has sufficiently alleged that they continued Corizon, LLC's contracts despite notice of frequent acts of misconduct.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th

4

Cir. 2009) (en banc) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

## Discussion

Defendants' arguments are not well taken. To state a claim under § 1983, plaintiff must plead that a government official has personally violated his constitutional rights. *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). *See also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). "In requiring a plaintiff to allege that each defendant was personally involved in the deprivation of his constitutional rights, we assess each defendant relative to his authority over the claimed constitutional violation." *Jackson*, 747 F.3d at 543.

Showing direct action is not the only way to establish the personal involvement of defendants with administrative or supervisory roles. *See id.* A plaintiff can show that such defendants' "corrective inaction amounts to 'deliberate indifference' to or 'tacit authorization' of the violative practices." *Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir. 1993) (quotations omitted). A plaintiff can also show that such defendants were involved in "creating, applying or interpreting a policy" that gave rise to unconstitutional conditions, or that they failed to properly supervise and train an offending employee. *Jackson*, 747 F.3d at 543 (citations omitted).

Here, plaintiff's allegations are sufficient to survive the instant motion. A prison warden can be held liable for policy decisions that create unconstitutional conditions, and to survive a motion to dismiss, a plaintiff "need not plead more than that the warden was directly involved in the [policy] decision." *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (citation omitted). Additionally, the Eighth Circuit has specifically determined that a Department of Corrections director's authority to make prison-wide policy decisions may be sufficient to give rise to liability

under § 1983. *Jackson,* 747 F.3d at 543. A director "may be 'responsible for his own failure to act,' based on his statutory duty to administer the Department of Corrections and 'supervise the administration of all institutions, facilities and services under the Department's jurisdiction' and his authority to change the challenged policies." *Id.* at 544 (quoting *Messimer v. Lockhart,* 702 F.2d 729, 732 (8th Cir. 1983)). The Court finds that plaintiff has sufficiently alleged the personal responsibility of the defendants, and is entitled to present evidence in support of his claims.

Defendants also argue that plaintiff's reference to them as "Institutional Defendants" means plaintiff has alleged only official capacity claims against them. This argument is rejected as meritless. Defendants' motion will be denied, and they will be directed to answer the First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendants' Precythe, Lombardi, Griffith, and Payne Motion to Dismiss" (ECF No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this order, defendants shall answer the First Amended Complaint.

Dated this 3rd day of June, 2020.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE