UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON SWALLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-1045-JMB |
| ) | |
| CORIZON HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon "Defendants' Motion to Dismiss Plaintiff's Complaint," filed by defendants Dr. William McKinney, Dr. Karen Moody (f/k/a/ Dr. Karen Duberstein), and Corizon, LLC[1] (collectively "defendants"). (ECF No. 41). Defendants filed the motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and they state they move for the dismissal of Dr. Moody, and Count II of plaintiff's First Amended Complaint. After filing the instant motion, defendants filed an Answer to the First Amended Complaint. Plaintiff opposes the motion, and has filed a memorandum in response, to which defendants replied. The matter is now fully briefed and ripe for disposition.

**Background**

The background of this case is well known to the parties, and will not be fully set forth here. However, the following is relevant to the instant motion. Plaintiff filed the two-count First Amended Complaint on December 13, 2019. In Count I, plaintiff claims the defendants were deliberately indifferent to his serious medical needs. In support, he alleges, *inter alia*, that the

---

[1] Plaintiff named this defendant as "Corizon Health, Inc." However, defendants aver the proper name for this defendant is "Corizon, LLC."

defendants failed to provide constitutionally adequate treatment for his serious medical needs, and that he suffered numerous serious injuries as a result. Those injuries included bowel rupture, colectomy, ileostomy, post-surgical complications, fistulas, and significant pain and suffering. Plaintiff also alleges that during a time he was suffering from surgical wounds that would not heal and fistulas that were profusely leaking irritating discharge containing feces into his post-surgical wounds and burning his skin, Dr. Moody merely accused him of self-harm and bandage manipulation. In Count II, plaintiff claims the defendants were deliberately indifferent to unconstitutional conditions posing a substantial risk of serious harm to his future health or well-being. In support, he alleges, *inter alia*, that the defendants failed to provide things that were well within their control to provide while his surgical wounds and fistulas profusely leaked irritating discharge that contained feces.

In the instant motion, defendants argue that Count II should be dismissed because it is duplicative of Count I. Defendants also argue Count II fails to state a claim upon which relief may be granted because there are no allegations that they were personally responsible for plaintiff's cell conditions, clothing or linens. Defendants also argue that Dr. Moody should be dismissed from this action because there are no allegations that she personally failed to treat plaintiff. Finally, defendants ask the Court to dismiss claims brought pursuant to the Fourteenth Amendment. The Court will address defendants' arguments in turn.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, a court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory.").

## Discussion

Defendants contend that Count II should be dismissed because it is duplicative of Count I. In support, defendants argue that "the claim of deliberate indifference to serious medical needs is inclusive of Plaintiff's Count II allegations of deprivation of life's necessities, specifically the deprivation of necessary and adequate medical care." (ECF No. 41 at 2). Defendants contend that the "humane conditions of confinement" required by the Eighth Amendment "encapsulates a variety of basic necessities" including medical care, and "Plaintiff's Count II alleging 'deprivation of the minimal civilized measure of life's necessities' is not a separate cause of action under the Eighth Amendment." (ECF No. 42 at 3) (emphasis in original). In response, plaintiff argues that

3

while Counts I and II both arise under the Eighth Amendment, they are distinct claims requiring distinct offers of proof.

Defendants' arguments are not well taken. While a claim asserting deliberate indifference to a serious medical need is indeed a subcategory of conditions of confinement claims, bringing such a claim does not render other conditions of confinement claims duplicative. The Eighth Circuit has provided the following guidance:

> The Eighth Amendment requires prison officials to provide humane conditions of confinement, and "[o]ne condition of confinement is the medical attention given to a prisoner." *Weaver v. Clarke*, 45 F.3d 1253 (8th Cir.1995) (citing *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326–27, 115 L. Ed.2d 271 (1991)). A claim asserting deliberate indifference to a prisoner's serious medical need is thus best characterized as falling within a specific subcategory of conditions of confinement claims, not as a separate and distinct legal theory. "Deliberate indifference" is part of the legal standard used to assess the claim as made.
>
> The type of proof necessary to prove a particular type of conditions of confinement claim depends on the harm that the inmate alleges. *See Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) ("What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue"). When the condition of confinement at issue relates to a prisoner's medical condition, "a prison official violates the Eighth Amendment by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm." *Weaver*, at 1255. Thus, when an inmate . . . alleges deliberate indifference to current existing health problems, instead of his future health, the inmate must prove deliberate indifference to a serious medical need. *See id*. When the inmate asserts that there will be harm to his future health or well-being, the inmate must satisfy the more general conditions of confinement test. *See id*.

*Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). Here, plaintiff alleges the defendants are responsible for two forms of harm. In Count I, he alleges the defendants were deliberately indifferent to his serious medical needs, and in Count II, he alleges they were deliberately indifferent to conditions posing a substantial risk of serious harm to his future health or well-being. The fact that plaintiff included the language "deprivation of the minimal civilized measure of life's necessities" in the title of Count II does not demand the conclusion that Counts I and II are

4

duplicative. Count II is not needlessly repetitive of Count I, and plaintiff is entitled to present evidence in support of both.

Defendants also contend that Count II should be dismissed because it fails to state a claim upon which relief may be granted. In support, defendants argue that there are no allegations they were responsible for plaintiff's clothing or linens or general prison cell conditions. However, plaintiff is not alleging that the defendants failed to give him clothing or linens, or failed to ensure his cell was clean. As plaintiff argues, the First Amended Complaint sufficiently alleges that despite being aware of his needs and living conditions, the defendants failed to provide things that were well within their control to provide, thereby causing or at least contributing to unconstitutional conditions that jeopardized his health and well-being. Count II adequately states a claim against the defendants.

Next, defendants contend that Dr. Moody should be dismissed from this action because there are no allegations she was personally involved in denying plaintiff care. They argue that plaintiff's allegations amount to disagreement with Dr. Moody's medical opinion that he was engaging in self-harm, and they stress the fact that plaintiff received medical care. In response, plaintiff argues that he sufficiently alleged that it was Dr. Moody's inaction that constitutes deliberate indifference.

Defendants' arguments are not well taken. "Mere proof of medical care" is insufficient to disprove deliberate indifference to serious medical needs. *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). *See also Langford v. Norris*, 614 F.3d 445, 459-60 (8th Cir. 2010) (establishing a claim of deliberate indifference does not require a prisoner to show a total deprivation of medical care). A plaintiff can show deliberate indifference to serious medical needs in different ways, including showing gross incompetence or

grossly inadequate care, intentional delay of or denial of access to medical care, or that the defendant took an easier, less efficacious course of treatment. *Allard,* 779 F.3d at 772 (citations omitted).

Here, as plaintiff contends, he alleged that during a time he was experiencing post-surgical complications including surgical wounds that would not heal, fistulas that profusely leaked irritating discharge containing feces, pain, swelling, burns on his skin, and other symptoms, Dr. Moody knew about his "complex medical history and related complaints," but her "only response was to accuse Plaintiff of rubbing feces in his wound and manipulating his bandages." (ECF No. 48 at 8). As plaintiff contends, by doing so Dr. Moody arguably masked his true medical needs and caused a delay and/or a denial of care, among other things. Defendants are not entitled to the dismissal of Dr. Moody at this time.

Finally, defendants seek dismissal of plaintiff's claims brought pursuant to the Fourteenth Amendment. In support, defendants correctly argue that plaintiff's claims are most appropriately brought pursuant to the Eighth Amendment. In response, plaintiff avers he did not bring separate claims under the Fourteenth Amendment, but instead brought them pursuant to 42 U.S.C. § 1983. In reply, defendants correctly argue that § 1983 provides no substantive rights, and that to state a claim under § 1983, a plaintiff must establish, *inter alia*, the violation of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). While defendants have correctly observed that plaintiff's claims are appropriately analyzed under the Eighth Amendment, the First Amended Complaint does not bring free-standing claims under the Fourteenth Amendment, plaintiff has stated he brings no claims under the Fourteenth Amendment, and it is sufficiently clear that plaintiff's claims will be analyzed under the Eighth Amendment. There is therefore no need to enter an order of partial dismissal at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 41) is **DENIED.**

Dated this 3rd day of June, 2020.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
