UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON SWALLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18 CV 1045 JMB |
| | ) |
| CORIZON, LLC, DR. WILLIAM MCKENNY, | ) |
| DR. KAREN MOODY, CINDY A. GRIFFITH, | ) |
| GEORGE LOMBARDI, STANLEY PAYNE, | ) |
| and ANNE L. PRECYTHE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Dr. William McKinney's and Dr. Karen Moody's Motion to Extend Stay (Doc. 141) and the "Joint" Motion to Amend the Case Management Order (Doc. 142).[1]  The Motions are fully briefed.  For the reasons set forth below, both Motions are **GRANTED**.

**I.    Background**

Plaintiff Brandon Swallow's Amended Complaint (Doc. 32) alleges deliberate indifference to a serious medical condition, ulcerative colitis, and deprivation of adequate housing while he was incarcerated by the Missouri Department of Corrections at the Potosi Correctional Center and the Eastern Reception, Diagnostic and Correctional Center.  He alleges that during his incarceration, his medical care was directed by Dr. William McKinney and Dr. Karen Moody, who were employed by Defendant Corizon, LLC, during the relevant time period.  The remaining Defendants are the current Director of the Missouri Department of Corrections, Anne Precythe, the former Director, George Lombardi, the Potosi Warden, Cindy A. Griffith, and the Eastern

---

[1] Drs. McKinney and Moody indicate that they did not agree to file a joint motion (Doc. 143).

Reception Warden, Stanley Payne. He alleges that they were deliberately indifferent to his health and housing needs through their policies, customs, and practices.

On February 16, 2023, Corizon (now known as Tehum Care Services, Inc.) filed a suggestion of bankruptcy, indicating that it had filed for Chapter 11 Bankruptcy in the District Court for the Southern District of Texas (Doc. 138). This filing mandated an automatic stay as to Corizon only pursuant to 11 U.S.C. § 362(a)(1). At a hearing before the bankruptcy court, the bankruptcy stay was extended to various "indemnified clients" of Corizon in various civil cases throughout the country (Doc. 141-1). This case is not contained on that list; however, the bankruptcy court indicated that it would consider other relief related to other cases at a hearing to be held on May 17, 2023.

In light of Corizon's bankruptcy, this Court held a status conference on March 8, 2023 (Doc. 140). The parties discussed the impact of Corizon's bankruptcy on this case and particularly with respect to its former employees. The pending motions followed. Defendants McKinney and Moody argue that this case should be stayed as to them because Corizon is providing their defense, would indemnify them in the event of a judgment, and that Corizon cannot provide a defense and indemnification because of the particulars of its insurance coverage.[2] These Defendants further argue that efficiency and judicial economy warrant a stay of the claims against them. In response, Plaintiff argues that extension of a bankruptcy stay is within the discretion of the bankruptcy court and not this court, the automatic stay does not apply to non-debtor defendants, and that there are no unusual circumstances that would warrant extending the stay. As to the Motion to Amend the Case Management Order, the parties do not have any substantial disagreement in extending the deadlines in this case.

---

[2] Corizon's insurance coverage is not triggered until it pays its "self-insured retention" which it cannot pay in light of the bankruptcy.

**II.     Discussion**

The automatic bankruptcy stay does not apply to the non-bankrupt Defendants. Am. Prairie Constr. Co. v. Hoich, 560 F.3d 780, 789 (8th Cir. 2009) ("'It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" (citation omitted)). A stay "is not available to non-bankrupt codefendants, 'even if they are in a similar legal or factual nexus with the debtor.'" Id. (citation omitted). However, there may be rare "unusual circumstances" that would warrant extending a stay to non-debtor defendants. In re Panther Mountain Land Dev., LLC, 686 F.3d 916, 920 (8th Cir. 2012). "They typically arise where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" Ritchie Cap. Mgmt, L.L.C. v. Jeffries, 653 F.3d 755, 762-763 (8th Cir. 2011) (citation omitted). Thus, a stay may be approved for a non-debtor defendant when the claim against the non-debtor "'will have an immediate adverse economic consequence for the debtor's estate.'" Id. (quoting Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287-88 (2nd Cir. 2003)).

Plaintiff argues that this Court may lack the authority to extend the automatic stay; that the authority resides exclusively with the bankruptcy court. See Public Pension Fund Group v. KV Pharm. Co., 2013 WL 1293816 (E.D. Mo. 2013) (Jackson, J.) (collecting cases); Jama v. Wright Cnty, 2023 WL 2238803 (D. Minn. 2023) (Docherty, J.); But see Hefley v. Redington, 2023 WL 2592054 (E.D. Mo. 2023) (White, J.) (extending bankruptcy stay to Corizon employees).[3] In Ritchie Cap., where the Eighth Circuit considered the power of a receivership court, it noted that

---

[3] There are a number of cases in this District in which Corizon is a Defendant along with other persons who are current or former employees. Pending in those cases are similar motions to extend the bankruptcy stay. As of the date of this Order, the bankruptcy stay has been extended to non-debtors in Brown v. Corizon, Inc., et al., 2:22-cv-52-DDN (Doc. 27) and Nachtweih v. Missouri Dep't. of Corr., et al., 4:21-cv-371-SEP (Doc. 63), in addition to Hefley.

"equitable powers of the receivership court are similar to powers of the bankruptcy court to impose an automatic stay," that "[t]he bankruptcy court can stay actions against any party, even a non-debtor, whenever the objective of the action is to obtain possession or exercise control over the debtor's property," and that "[u]nless a case involves unusual circumstances, however, the bankruptcy court cannot halt litigation by non-debtors . . . ." Id. 653 F.3d at 762; See also N.L.R.B. v. Superior Forwarding, Inc., 762 F.2d 695, 699 (8th Cir. 1985) (holding that the "bankruptcy court has the discretion and authority to enjoin federal regulatory proceedings under § 105 when those proceedings would threaten the debtor's estate . . . ."). Certainly, an implication of these statements is that the bankruptcy court has the power in the first instance to manage a bankruptcy stay. Indeed, In re Panther Mountain quoted and cited Ritchie Cap. for this very proposition in holding that the bankruptcy court erred in extending the automatic stay to proposed actions against a non-debtor. In re Panther Mountain, 686 F.3d at 921. It does not follow, however, that the power to stay is exclusively within the province of the bankruptcy court. And, this Court does have the inherent power to stay proceedings, outside of the bankruptcy process. See Landis v. North American Co., 299 U.S. 248, 254-255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Clinton v. Jones, 520 U.S. 681, 706-707 (1997).

There is no dispute that Corizon pays for the doctors' defense and presumably will indemnify them if a jury finds against them. Therefore, a judgment against them will essentially be a judgment against Corizon. As Judge White stated, "[p]ut another way, if the Court allowed Plaintiff's claims against these defendants to proceed and Plaintiff succeeded on those claims, any resulting judgment would have an immediate adverse economic impact on Corizon's bankruptcy estate." Hefley, 2023 WL 2592054, at *2. Accordingly, there are "unusual circumstances" that

would warrant extending the bankruptcy stay to these Defendants. In addition, the Court finds that it would be extremely challenging to try this matter against these Defendants without Corizon. In light of this conclusion, the Case Management Order shall be amended.

### III.     Conclusion

For the foregoing reasons, Defendants' Dr. William McKinney's and Dr. Karen Moody's Motion to Extend Stay (Doc. 141) is **GRANTED** and the "Joint" Motion to Amend the Case Management Order (Doc. 142) is **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. This matter is **STAYED** as to Drs. McKinney and Moody. The parties shall file a status report on the Corizon's bankruptcy proceedings on **July 14, 2023,** and every 90 days thereafter.

2. The Case Management Order is **AMENDED** as follows:

    a. Plaintiff's rebuttal expert disclosure is due by May 29, 2023.
    b. Plaintiff's rebuttal expert deposition is due by June 26, 2023.
    c. Discovery Deadline is extended to **June 26, 2023**.
    d. Dispositive Motions and/or *Daubert* Motions are due by **July 24, 2023**; responses are due by August 14, 2023; and, replies are due by August 28, 2023.

3. The current trial date of October 16, 2023 is **VACATED** and will be reset at a future date.

4. This matter is **SET** for a Status Conference on **June 8, 2023 at 11:00 a.m.** in Courtroom 15S. The parties should be prepared to discuss a new trial date.

                                        */s/ John M. Bodenhausen*
                                        JOHN M. BODENHAUSEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of April, 2023